STEVE BROWN & ASSOCIATES, LLC
1414 EAST INDIAN SCHOOL ROAD, SUITE 200
PHOENIX, ARIZONA 85014
(602) 264-9224

Steven J. Brown (#010792) sbrown@sjbrownlaw.com
Steven D. Nemecek (#015219) snemecek@sjbrownlaw.com
*Attorneys for Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 7 |
|---|---|
| COOLEY INDUSTRIES, INC., | Case No. 2:12-bk-27154-EPB |
| Debtor. | **NOTICE OF HEARING ON TRUSTEE'S MOTION FOR ORDER (1) APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363 AND TO PAY REAL ESTATE AGENT'S COMMISSION; AND (2) APPROVING SURCHARGE** |
| | Real property address: 320 South 19th Avenue, Phoenix, AZ |
| | Hearing: March 31, 2015 at 1:30 p.m. |

TO:   ALL CREDITORS AND INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that Chapter 7 Trustee Maureen Gaughan has filed a Motion For Order (1) Approving Sale Of Real Property Free and Clear of All Liens, Claims, and Encumbrances Pursuant To 11 U.S.C. § 363 And To Pay Real Estate Agent's Commission; and (2) Approving Surcharge at DE 112 (the "Motion"). **A hearing to consider the Motion will be held on March 31, 2015 at 1:30 p.m.** before the Honorable Eddward

P. Ballinger, Jr. at the U.S. Bankruptcy Court, 230 North First Avenue, Phoenix, Arizona, 7th Floor, Courtroom 703, Phoenix, Arizona. Any objections to the Motion shall be electronically filed on or before March 23, 2015, with the Clerk of the Bankruptcy Court (www.ecf.azb.uscourts.gov) **or mailed to 230 North First Avenue, Suite 101, Phoenix, Arizona, 85003 and a copy served upon Trustee's counsel at the following address:**

Steven D. Nemecek
Steve Brown & Associates, LLC
1414 East Indian School Road, Suite 200
Phoenix, Arizona 85014
snemecek@sjbrownlaw.com

To obtain a copy of the Motion, please contact Karen Flaaen at 602-264-9224 or kflaaen@sjbrownlaw.com.

**Summary of Motion**:

The Trustee requests authority to sell real property located at 320 South 19th Avenue, APN 109-49-001B, Phoenix, Arizona (the "19th Avenue Property"). The Trustee, through her Court-approved real estate agent Jeffrey Woudenberg, has received from DA-RO Investments, LLC or assignee (the "Buyer") an offer to purchase the 19th Avenue Property for $1.5 million cash, "as is, where is", and subject to higher and better bids. The Trustee also requests authority to pay to Mr. Woudenberg from the sale proceeds a commission up to four percent (4%), which is within the amount requested in the Trustee's application to employ the real estate agent.

The Buyer's principal is J. Dana Woudenberg, who is the father of the Trustee's real estate agent Jeffrey Woudenberg. The Buyer has no other connection to the Trustee, the Estate, Debtor, or the real estate agent. The Trustee does not believe that additional marketing efforts will generate a higher initial offer than the $1.5 million offer received from Buyer. Pursuant to the contract, Buyer will pay $1.5 million cash, with a $25,000 earnest money deposit and $1,475,000 due at closing. Escrow opened on October 27, 2014. Buyer has made

-2-

the earnest money deposit. Buyer also has exercised an option to extend the due diligence and inspection period, resulting in $10,000 of the earnest money becoming non-refundable. The Trustee and Buyer have agreed to subsequent extensions of the due diligence and inspection period, which expires March 31, 2015. If Buyer successfully closes escrow, Buyer's earnest money shall be credited to the full purchase price. Close of escrow will take place no later than 15 days after Court approval of the sale, or 15 days after expiration of the due diligence and inspection period, whichever is later.

The sale is "as is, where is" with no representations or warranties by the Trustee other than those set forth in the contract. The sale is subject to higher and better bids and this Court's approval. The Trustee will require any potential bidders to deposit at least $25,000 in the form of a cashier's check with the Trustee prior to or at the time of the sale hearing before they will be permitted to bid. All such deposits from any unsuccessful bidder will be returned immediately at the conclusion of the sale hearing. The successful bidder's deposit will be credited to the purchase price. The Trustee reserves the right to reject bids which in her opinion are insufficient and do not meet or better the terms of the sale set forth in the attached sale contract, in her discretion, as approved by the Court. Any overbid amounts, if any, will be accepted initially in increments of at least $25,000, then $10,000 thereafter, though Trustee can adjust the bidding increments as deemed appropriate at the sale hearing. Upon conclusion of any auction and identification of the successful bidder, the Trustee reserves the right to accept "back-up" bids from the next highest bidder or bidders. In the event Buyer or any other successful bidder fails to timely close the sale, the first backup bidder will be promptly notified and given the right to close the sale at its highest bid price within 15 days thereafter.

The Trustee is aware of three asserted liens against the 19th Avenue Property:

(1) Maricopa County Treasurer real property taxes in the approximate amount of $232,000 as of March 31, 2015;

(2) a first-position deed of trust in favor of U.S. Bank in the approximate amount of $840,000 as of February 27, 2015; and

–3–

(3) a second-position deed of trust in favor of Maxim in the approximate amount of $632,440.74 as of February 27, 2015.

A $1.5 million sale price is not sufficient to pay the asserted liens by U.S. Bank and Maxim after paying the real estate commissions, closing costs, and real property taxes. The Trustee therefore has negotiated a surcharge under which U.S. Bank and Maxim will accept reduced payments on their asserted secured claims, subject to the terms below, in order to allow the Trustee to maximize distributions to creditors. The Trustee is holding over $440,000 in monies collected from all assets in the case, which includes the $40,000 collected from the failed Pro contract, revenues collected from the 19th Avenue property, and monies collected from various other assets. U.S. Bank and Maxim assert secured claims against all monies collected from the 19th Avenue Property. Though the proposed sale by itself will not generate a profit for the Estate, with U.S. Bank and Maxim agreeing to the surcharge described below, it will free up the $440,000 the Trustee already is holding, including the monies against which U.S. Bank and Maxim assert secured claims, and allow the Trustee to pay administrative claims, all priority tax and wage claims, and make a distribution to general, unsecured creditors. Thus, the proposed sale and surcharge are in the best interests of creditors because it will enable the Trustee to pay administrative and priority tax and wage claims and make at least a modest distribution to general, unsecured creditors that otherwise would not be possible. Without the surcharge, there would not be enough money to pay in full priority tax and wage claims, and general, unsecured creditors would receive nothing.

Counsel for the Trustee, U.S. Bank, and Maxim have discussed their respective positions over the last several weeks and have agreed to the following:

(a) U.S. Bank will accept from the sale proceeds the sum of $780,000 if the sale price is $1.5 million (in effect agreeing to an approximate $60,000 surcharge);

(b) Maxim will accept from the sale proceeds the sum of $420,000 if the sale price is $1.5 million (in effect agreeing to an approximate $212,000 surcharge);

(c) If there is overbidding at the sale hearing, U.S. Bank will receive the sale proceeds in excess of the $1.5 million opening bid until its asserted secured claim is paid in full;

-4-

(d) U.S. Bank and Maxim will approve the sale contract;

(e) U.S. Bank and Maxim will approve the proposed order approving sale before it is lodged by the Trustee;

(f) U.S. Bank and Maxim will approve the preliminary HUD-1 settlement statement before closing;

(g) U.S. Bank and Maxim will release their respective deeds of trust against the 19th Avenue Property and will have no further claim to the sale proceeds or to any of the monies collected by the Trustee from the 19th Avenue Property or any other Estate asset;

(h) U.S. Bank and Maxim will be allowed a general, unsecured claim for the difference between the amount of their asserted secured claim and the amount they receive as of the date of the close of escrow, and shall file a proof of claim for that amount within 30 days from the date of the close of escrow (such claims will be deemed timely-filed); and

(i) The sale must close and U.S. Bank and Maxim must receive the amounts set forth above by April 15, 2015. If the sale does not close by April 15, 2015, U.S. Bank and Maxim shall be entitled to entry of an order granting relief from the automatic stay to pursue their rights and remedies in connection with the 19th Avenue Property.

Therefore, under the surcharge agreed to by the Trustee, U.S. Bank, and Maxim, a proposed $1.5 million sale will result in the following:

| | |
|---|---|
| Sale Price | $1,500,000 |
| Less approximate 1% closing costs | ($15,000) |
| Less 4% real estate agent commission | ($60,000) |
| Less approximate MCT real property taxes | ($232,000) |
| Less reduced U.S. Bank deed of trust | ($780,000) |
| Less reduced Maxim deed of trust | ($420,000) |
| **Shortfall** | **($7,000)** |

The Trustee either will make up the shortfall at closing with funds in the Estate, or alternatively the real estate agent's commission will be paid to the Trustee directly from escrow, and the Trustee will pay the real estate agent's commission with the proceeds she receives at closing and the monies she already is holding. The Trustee believes that the proposed sale is appropriate, an arms-length transaction, in the best interests of the Estate and creditors, and will achieve the most fair and beneficial price for the 19th Avenue Property.

DATED this 27th day of February, 2015.

          STEVE BROWN & ASSOCIATES, LLC

          By /s/ Steven D. Nemecek
           Steven J. Brown
           Steven D. Nemecek
           1414 East Indian School Road, Suite 200
           Phoenix, Arizona 85014
           Attorneys for Trustee

Copy of the foregoing mailed this 27th day of February, 2015, to all creditors and interested parties as listed on Debtor's Master Mailing List and to:

James F. Kahn
James F. Kahn, P.C.
301 East Bethany Home Road, Suite C-195
Phoenix, AZ 85012
Attorneys for Debtor

DA-RO Investments, LLC
8817 East Bell Road, Suite 111
Scottsdale, AZ 85260

John G. Sinodis, Esq.
Jennings, Haug & Cunningham, LLP
2800 North Central Avenue, Suite 1800
Phoenix, AZ 85004-1049
Attorneys for Maxim Commercial Capital, LLC

Lori A. Lewis, Esq.
Maricopa County Attorney's Office
222 North Central Avenue, Suite 1100
Phoenix, AZ 85004

Adam Nach, Esq.
Lane & Nach, P.C.
2001 East Campbell, Suite 103
Phoenix, AZ 85016
Attorneys for U.S. Bank

Christopher J. Pattock
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706


By /s/ Karen Flaaen

– 6 –